## ATALANTA FERGUSON *v.* J. A. GLAZE.

A surety, on the official bond of an administrator, being sued at his domicil, and answering to the merits, cannot, thereafter, maintain a plea to the jurisdiction of the Court, on the ground that the District Court of the parish where the succession was opened, had exclusive jurisdiction by the Act of March 16th, 1842.

APPEAL from the District Court of St. Landry.

*J. E. King*, for plaintiff and appellant. *T. H. Lewis* and *Porter*, for defendant.

SPOFFORD, J. In 1851, the defendant was sued in the District Court of St. Landry, the parish of his domicil, as surety on the bond of *Patrick H. Glaze* for the faithful administration of the succession of *Silas F. Thomas*, deceased.

The plaintiff alleged that she had previously, to-wit, in 1850, obtained a final judgment against *Patrick H. Glaze*, for the sum herein claimed, after calling him to account in the District Court of the parish of Avoyelles, where, we presume, the succession was opened and administered.

The defendant answered to the merits and proceeded to the testimony in support of his defence.

In December, 1853, nearly two years after filing his answer, the defendant excepted to the jurisdiction of the District Court, of St. Landry, on the alleged ground that the District Court, of Avoyelles, had exclusive cognizance of the cause, by reason of the subject matter.

The plaintiff appeals from a judgment sustaining this exception and dismissing the suit.

The appellee relies upon the 6th Section of the Act of March 16th, 1842, (Sess. Acts, p. 302) to sustain this ruling. The Section referred to, declares : " That the Courts of Probate, shall have exclusive cognizance of all suits or actions against sureties on the bonds of appeal, and all others which they are bound by law to receive or exact from appellants, and administrators, tutors, curators and testamentary executors generally; and no such suit shall be instituted against the security, until the necessary steps have been taken to enforce payment against the principal."

The jurisdiction vested in the old Probate Courts by this Act, was exclusive of the other courts then existing in the State ; the Courts of Probate having been abolished in 1845, there was nothing in the Act of 1842 which rendered the District Court, of St. Landry, incompetent to try the present cause *ratione materiæ*, after the defendant had answered to the merits in that Court.

The defendant also excepted that the plaintiff had failed to take the necessary steps to enforce payment against the principal. This exception raises an issue of fact which appears never to have been tried, as the cause was dismissed on the plea to the jurisdiction alone.

FERGUSON
*v.*
GLAZE.

It is, therefore, ordered that the judgment appealed from be avoided and reversed, the plea to the jurisdiction of the District Court overruled, and the cause remanded for further proceedings according to law, the defendant to pay the costs of this appeal.